UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MIRYAM JULENNY PAREDES
RAMIREZ, individually, JOSÉ
MANUEL MIQUILENA, individually,
MICHAEL MANTILLA, individually,
and LAZARO ARMENTEROS,
individually, on behalf of themselves
and all others similarly situated,

  Plaintiffs,

vs.

305 NO FAULT, INC., a Florida
corporation, THE NOFAULT TEAM,
LLC, a Florida limited liability company,
and C.O.R. INJURY CENTERS, INC., a
Florida corporation,

  Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiffs, MIRYAM JULENNY PAREDES RAMIREZ, individually ("Paredes"), JOSÉ MANUEL MIQUILENA, individually ("Miquilena"), MICHAEL MANTILLA, individually ("Mantilla"), and LAZARO ARMENTEROS, individually ("Armenteros") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, sue Defendants, 305 NO FAULT, INC., a Florida corporation ("305 No Fault"), THE NOFAULT TEAM, LLC, a Florida limited liability company ("NoFault Team"), and C.O.R. INJURY CENTERS, INC., a Florida corporation ("C.O.R.") (collectively "NoFault"), and for their causes of action, declare and aver as follows:

  1. Plaintiffs bring this action on their own behalf, as well as on behalf of all other current and former NoFault social media marketers similarly situated to them, on a collective

basis, to recover from NoFault unpaid overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

2. Paredes is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

3. Miquilena is a US citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

4. Mantilla is a US citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

5. Armenteros is a US citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

6. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Defendant, 305 No Fault, is a Florida corporation, having its principal place of business in Miami-Dade County, Florida. At all times material, 305 No Fault did business in Florida and otherwise is within the jurisdiction of this Court.

8. Defendant, NoFault Team, is a Florida limited liability company, having its principal place of business in Miami-Dade County, Florida. At all times material, NoFault Team did business in Florida and otherwise is within the jurisdiction of this Court.

9. Defendant, C.O.R., is a Florida corporation, having its principal place of business in Miami-Dade County, Florida. At all times material, C.O.R. did business in Florida and otherwise is within the jurisdiction of this Court.

10. 305 No Fault is a marketing company operating as an attorney referral service and also as a marketer for patients for C.O.R.

11. NoFault Team is a marketing company operating as an attorney referral service and also markets for patients for C.O.R.

12. C.O.R. offers chiropractic, orthopedic, and physical therapy services to the general public.

13. At all times material hereto, NoFault shared services of employees, and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations, including personnel decisions, and as such, NoFault is a "single employing enterprise" or, alternatively, "joint employers" of the Plaintiffs.

14. Plaintiffs are former social media marketers of NoFault, working for NoFault in the Southern District of Florida during one or more workweeks within the last three (3) years. At all times material hereto, and during the applicable statute of limitations period, Defendants sometimes misclassified Plaintiffs as 1099 independent contractors, as opposed to W-2 employees.

15. The additional persons who may become plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former social media marketers of NoFault similarly situated to Plaintiffs in that they are or were subject to the same misclassification and/or payroll practices described below.

16. At all times material hereto, NoFault was, and continues to be, engaged in interstate commerce as defined by the FLSA.

17. At all times material hereto, during their employment with NoFault, Plaintiffs were engaged in interstate commerce, as were all others similarly situated.

18. At all times pertinent to this Complaint, NoFault failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former social media marketers of NoFault similarly situated to Plaintiffs, while working for NoFault as social media marketers, performed hours of service for NoFault in excess of forty (40) during one or more workweeks, for which NoFault failed to properly pay overtime premiums.

19. In the course of their employment with NoFault, Plaintiffs, and other current and former drivers similarly situated to them, worked hours in excess of forty (40), with NoFault's knowledge (actual and/or constructive) but were not properly paid overtime premiums for those hours.

20. The pay practices of NoFault, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime premiums to Plaintiffs, and those other current and former social media marketers similarly situated to Plaintiffs, for those hours worked in excess of forty (40).

21. During the three (3) years preceding the filing of this lawsuit, NoFault employed, and continue to employ, individuals similarly situated to Plaintiffs (*i.e.* social media marketers) throughout the state of Florida.

22. During the three (3) years preceding the filing of this lawsuit, NoFault suffered or permitted to be suffered, with knowledge, hours of service by these social media marketers, including in excess of forty (40), during one or more workweeks, for which NoFault failed to properly pay overtime premiums.

23. Each improperly paid social media marketer who performed and/or continues to perform services for NoFault, during one or more workweeks within the three (3) year period

preceding the filing of this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

24. Plaintiffs will seek this Court's permission to provide notice to all current and former social media marketers similarly situated to Plaintiffs who work or worked for NoFault during any payroll period within three (3) years from the date of filing of this lawsuit, throughout Florida.

## COUNT I - RECOVERY OF UNPAID OVERTIME

25. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

26. Plaintiffs are entitled to be paid an overtime premium for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All other similarly situated social media marketers are similarly owed overtime premiums, calculated properly, for those overtime hours they worked and for which they were not properly paid.

27. By reason of the willful and unlawful acts of NoFault, Plaintiffs and those similarly situated to them) have suffered damages.

28. As a result of NoFault's violation of the Act, Plaintiffs and those similarly situated to them are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, and those similarly situated to them, who have or will opt-in to this action, demand judgment against NoFault for the overtime wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

PADULA BENNARDO LEVINE LLP
Attorneys for Plaintiffs
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:    (561) 544-8900
Facsimile:     (561) 544-8999


By:   **Daniel R. Levine**
        Daniel R. Levine, Esq.
        Fla. Bar No. 0057861
        E-Mail: drl@pbl-law.com